**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**TAMARA DARBY,**

    **Plaintiff,**

**v.**                                                                              **No. 21-cv-0023 GJF/SMV**

**LIBERTY MUTUAL,**

    **Defendant.**[1]

**MEMORANDUM OPINION AND ORDER TO AMEND NOTICE OF REMOVAL**

THIS MATTER is before the Court sua sponte, following its review of the Notice of Removal [Doc. 1], filed by Defendant on January 8, 2021,[2] and the Corporate Disclosure Statement [Doc. 7], filed by Defendant on January 19, 2021. The Court has a duty to determine sua sponte whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Notice of Removal, the Corporate Disclosure Statement, the applicable law, and being otherwise fully advised in the premises, concludes that the Notice fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Therefore, the Court will order the removing Defendant to file an amended notice of removal no later than **February 17, 2021**, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

---

[1] In its Notice of Removal, Defendant states that its proper name is "American States Insurance Company of Texas." [Doc. 1] at 1.

[2] The Court also reviewed Defendant's Notice of Errata [Doc. 2] and notes that it did not alter the substance of the Notice of Removal [Doc. 1].

## BACKGROUND

On January 8, 2021, Defendant filed its Notice of Removal under 28 U.S.C. § 1332. [Doc. 1] at 2–4. The Notice asserts that there is complete diversity between Plaintiff and Defendant and that the amount in controversy exceeds $75,000. *Id*. It appears that Plaintiff is domiciled in Texas. *See* [Doc. 1-1] at 4. Defendant asserts that it is a "foreign insurer" with a principal place of business in Boston, Massachusetts. [Doc. 1] at 3. It makes no allegation regarding its state of incorporation. *See id.*

## LEGAL STANDARD

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petrol. Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013).

## DISCUSSION

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. § 1332(a). When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). Finally, a corporation is deemed

to be a citizen of both the state in which it is incorporated *and* in which it maintains its principal place of business. *See* § 1332(c).

Here, the facts set forth in the Complaint, Notice of Removal, and the Corporate Disclosure Statement do not sufficiently establish the citizenship of Defendant. First, both the Complaint and the Notice indicate that Defendant is a "foreign" insurance company. [Doc. 1-1] at 4; [Doc. 1] at 3. The Notice further asserts that Defendant's principal place of business is in Boston, Massachusetts. [Doc. 1] at 3. The Disclosure asserts that "American Economy Insurance Company owns 100% of the stock of American States Insurance Company of Texas," which is the Defendant in this case. [Doc. 7] at 1. None of these documents mentions Defendant's state of incorporation.

A notice of removal that fails to specify the necessary facts to establish diversity jurisdiction is defective. *Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 300 (10th Cir. 1968). Technical defects, however, may be cured by amendment of the notice. *See id.* at 300–02 (permitting amendment of notice of removal to allege principal place of business of defendant and citizenship, rather than mere residence, of plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 470–71 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). As the Tenth Circuit explained in *Hendrix*, disallowing amendment in circumstances comparable to those in this case would be "too grudging with reference to the controlling statute [28 U.S.C. § 1653], too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." *Hendrix*, 390 F.2d at 301 (footnotes omitted).

Accordingly, the Court will give Defendant the opportunity to file an amended notice of removal to properly allege its state of incorporation *and* its principal place of business.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant amend the Notice of Removal to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **February 17, 2021**.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **February 17, 2021**, the Court may remand this action to state court.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**